# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Michelle Hogquist, | Case No. 21-cv-2080 (SRN/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Mercy Hospital; Anoka County Police Departments; Anoka County Sheriff's Office; Anoka County District Courts & Offices; and Anoka County Public Defenders Office, | |
| Respondents. | |

Four criminal prosecutions currently are ongoing in Minnesota state court against petitioner Michelle Hogquist.  *See State v. Hogquist*, No. 02-CR-18-7078 (Minn. Dist. Ct.); *State v. Hogquist*, No. 02-CR-18-7802 (Minn. Dist. Ct.); *State v. Hogquist*, No. 02-CR-19-6959 (Minn. Dist. Ct.); *State v. Hogquist*, No. 02-CR-19-7045 (Minn. Dist. Ct.).  Hogquist initiated this habeas corpus proceeding in the United States District Court for the District of Nebraska challenging on myriad grounds the legality of those state-court prosecutions. *See* Petition [ECF No. 1].  Lacking jurisdiction over Hogquist's petition for a writ of habeas corpus, the District of Nebraska — which had no connection whatsoever to Hogquist or the ongoing prosecutions in Minnesota — transferred the petition to this District, *see* ECF

No. 4, where the petition now awaits review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

As a result of that review, this Court concludes that the claims raised in Hogquist's habeas petition have mostly been raised prematurely and the lone potential exception has been insufficiently pleaded. Accordingly, it is recommended that the habeas petition be denied without prejudice and this matter dismissed.

A pretrial detainee[2] awaiting criminal proceedings in state court may challenge the legality of those proceedings through a habeas petition brought pursuant to 28 U.S.C. § 2241. *See, e.g.*, *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) ("State pre-trial detention, for example, might violate the Constitution or the laws or treaties of the United States. Yet a person held in such pre-trial detention would not be 'in custody pursuant to the judgment of a State court.' Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only."). That said, although § 2241 does not itself contain a requirement that petitioners first exhaust alternative remedies available in

---

[1] Hogquist's petition is not governed by 28 U.S.C. § 2254 because she is not in custody pursuant to a state-court judgment. *See* 28 U.S.C. § 2254(a). That said, as pointed out by the District of Nebraska, the Rules Governing Section 2254 Cases may be applied to habeas petitions that are not themselves governed by § 2254. *See* ECF No. 4 at 3 n.4 (citing Rule 1(b), Rules Governing Section 2254 Cases).

[2] It is not entirely clear to the Court that Hogquist remains subject to pretrial detention at this time; the electronic dockets maintained by the State of Minnesota in her criminal proceedings indicate that she was released "with no Bail, Bond, or Conditions Required" on August 27, 2021. Nor is it clear that Hogquist was "in custody" at the time she commenced her habeas petition, as required by 28 U.S.C. § 2241(a), though Hogquist may have become subject to the custody of the State of Minnesota during the time in which her habeas petition was pending in the State of Minnesota.

state court, "federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas corpus relief under § 2241." *Olson v. Washington County*, No. 12-CV-2807 (MJD/AJB), 2013 WL 1871523, at *2 (D. Minn. Jan. 24, 2013) (collecting cases). A claim that an ongoing prosecution violates federal law may be presented in the state courts during the course of the criminal proceedings — and, where those claims may be adjudicated in the state courts, petitioners are generally required to seek state-court adjudication before requesting federal habeas relief. "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims [she] is being held in violation of the Constitution." *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974).

This exhaustion requirement precludes federal habeas relief on the bulk of Hogquist's claims, which run the gamut from insufficient evidence to diplomatic immunity. *See* Petition at 7. Hogquist may assert each of the claims raised in her habeas petition before the state trial court. If dissatisfied with the trial court's decision on those claims (and should judgment be entered against her), Hogquist may present her claims to the Minnesota Court of Appeals and, if necessary, again present those claims to the Minnesota Supreme Court. Only after that process has been completed may Hogquist seek federal habeas corpus relief for her claims. *See Campbell v. Choi*, No. 19-CV-2671 (JRT/BRT), 2019 WL 8370766, at *1 (D. Minn. Oct. 18, 2019) ("A state detainee ordinarily must await the entry of a final state court judgment in order to exhaust state

3

remedies where such remedies are available.") (citing *Sacco v. Falke*, 649 F.2d 634, 635-36 (8th Cir. 1981); *Ex Parte Royall*, 117 U.S. 241 (1886)); 28 U.S.C. § 2254(b).

Only in one respect does Hogquist suggest the existence of "extraordinary circumstances" justifying the immediate intervention of the Court, acting through its habeas jurisdiction, in the ongoing state-court proceedings. *Wingo*, 507 F.2d at 357. Although state-court pretrial detainees are generally required to first exhaust state remedies before proceeding in federal court, an exception to this rule applies for double-jeopardy claims. *See, e.g.*, *Castillo-Alvarez v. Hawkinson*, No. 10-CV-4187 (PAM/JJG), 2011 WL 3798585, at *2 (D. Minn. Aug. 25, 2011) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-90 (1973)). At the very top of her habeas petition, Hogquist writes "Double Jeopardy" as being among the claims that she intends to prosecute in this proceeding. *See* Petition at 1. The double-jeopardy claim, however, is not mentioned again among the grounds being raised by Hogquist for habeas relief, *see* Petition at 6-7, and there is no substantive basis in the petition for believing that the ongoing prosecutions against Hogquist may potentially subject her to double jeopardy. Rule 2(c)(2) of the Rules Governing Section 2254 Cases requires that a habeas petitioner provide "the facts supporting each ground" raised in the petition. Hogquist has failed to do this with respect to her double-jeopardy claim. That claim is therefore insufficiently pleaded, and it is recommended that the claim be dismissed without prejudice on that basis.

Only one matter merits further comment: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out

4

of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); *accord Evans v. Circuit Ct. of Cook County, Ill.*, 569 F.3d 665, 666 (7th Cir. 2009) (concluding that "a state prisoner being held after an indictment or preliminary hearing, who seeks pretrial release, needs a certificate of appealability in order to appeal from a district court's decision denying a petition for a writ of habeas corpus."). A certificate of appealability ("COA") cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the United States Court of Appeals for the Eighth Circuit, would treat Hogquist's current habeas corpus petition differently than it is being treated here. Hogquist has not identified, and this Court cannot discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. It is therefore recommended that Hogquist should not be issued a COA in this matter.

[Continued on next page.]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.      The petition for a writ of habeas corpus of petitioner Michelle Hogquist

[ECF No. 1] be **DENIED WITHOUT PREJUDICE**.

2.      This matter be **DISMISSED**.

3.      No certificate of appealability be issued.


Date: October__12__, 2021                          _____*s/ Tony N. Leung*_____
                                                   Tony N. Leung
                                                   United States Magistrate Judge
                                                   District of Minnesota


                                                   *Hogquist v. Mercy Hospital et al.*
                                                   Case No. 21-cv-2080 (SRN/TNL)


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).